UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ELECTROWEB MEDIA, INC., *et al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:02-CV-133 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| MYCASHNOW.COM, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Mycashnow.com, Inc. ("Defendant") filed a Motion to Set Aside the Default Judgment and a Motion to Dismiss (Court File No. 27). The Court referred the matter to United States Magistrate Judge William Carter pursuant to 28 U.S.C. § 636(b)(1)(B) (Court File No. 37). In accordance with Rule 72(b) of the Federal Rules of Civil Procedure, Magistrate Judge Carter filed a report and recommendation ("R&R") recommending the Court set aside the default judgment against Defendant but deny Defendant's Motion to Dismiss (Court File No. 42).

Plaintiffs Electroweb Media, Inc. and Jason Gilstrap (collectively "Plaintiffs") filed an objection to the R&R arguing the Magistrate Judge was incorrect in deciding service on Carey Brown and Credit Payment Services, Inc. (collectively "Co-Defendants") did not constitute service on Defendant (Court File No. 43). In the alternative, Plaintiffs objects to the R&R to the extent it fails to require Defendant's legal counsel to accept service of process on behalf of Defendant (*id*).

This Court must conduct a *de novo* review of those portions of the report and

recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court adopts the facts as outlined in the R&R. Plaintiff do not object to any specific reasoning of the R&R but rather object for the reasons previously discussed in Plaintiffs' memorandum of law in opposition to Defendant's Motion to Set Aside the Default Judgment (Court File No. 34). Upon review of the record, the Court concludes the Magistrate Judge's reasoning was correct and that service on the Co-Defendants was not sufficient to serve Defendant.

Plaintiffs further object to the R&R to the extent it does not require Defendant's legal counsel to accept service of process on behalf of Defendant as a condition of granting Defendant's Motion to Set Aside the Default Judgment. However, Defendant appeared specially to move that the Court set aside the default judgment and did not submit the Court's jurisdiction (Court File No. 27). When a defendant appears specially, their attorney is not their implied agent to accept service of process. The United States Court of Appeals for the Seventh Circuit held:

> As already shown, Axel [unserved defendant's attorney], on February 5, 1970, appearing specially and "for the purpose of this motion only," filed a motion to quash the alleged service of process on the defendant. Plaintiff appears to argue that because of this special appearance by Axel he was presumed to have implied authority to represent the defendant in the federal action. No case is cited which supports this argument. Cases are cited which hold that an attorney who appears on behalf of a defendant after the latter has been properly served with process has implied authority as to the manner and mode of conducting the litigation. It is obvious, we think, that such implied authority cannot be enlarged into a power to accept service of process before the action is commenced and the defendant is served. At the time Axel filed his motion to dismiss, the complaint showed on its face that the court did not have diversity jurisdiction as it was only some time later that plaintiff amended her complaint to show diversity. We think there is no merit in this point.

*Schultz v. Shultz*, 436 F.2d 635, 640 (7th Cir. 1971). Furthermore, Judge Edgar of the Eastern District of Tennessee addressed a similar issue and concluded:

> There must be evidence that the defendant intended to confer upon its agent the specific authority to receive and accept service of process for the defendant. The defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred.
> . . .
> An agent's authority to accept service of process may be implied in fact. *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997). However, the mere attorney-client relationship between a defendant and his attorney does not, in itself, convey the specific authority necessary for the attorney to receive service of process on the defendant's behalf. It cannot be implied from the attorney-client relationship that Weiss is authorized to accept service for his client.

*Arthur v. Litton Loan Servicing* LP, 249 F. Supp 2d 924, 929-30 (E.D. Tenn. 2002). Defendant's counsel disavowed any authority to accept process or service on behalf of Defendant at the evidentiary hearing held before Magistrate Judge Carter on August 29, 2006. There is no evidence to suggest Defendant conferred the right to accept service of process on its counsel. The Court does not have the power to appoint Defendant's counsel as its agent for service of process as Defendant has not submitted to the jurisdiction of this Court. Therefore, Plaintiffs will have 120 days from the entry of this order to properly serve Defendant.

After reviewing the record, the Court agrees with the Magistrate Judge's report and recommendation. Accordingly, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's findings of fact, conclusions of law, and recommendations pursuant to 28 U.S.C. § 636(b)(1), and Rule 72(b), and hereby **GRANTS** Defendant's Motion to Set Aside the Default Judgment and **DENIES** Defendant's Motion to Dismiss (Court File No. 27).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**