IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ELECTROWEB MEDIA, INC.
and JASON GILSTRAP,

    Plaintiffs,

vs.

MYCASHNOW.COM, INC.,

    Defendant.

Case No.: 1:02-cv-133

Collier/Carter

REPORT AND RECOMMENDATION

I. Introduction

Non-party Carey Brown's motion to quash service of process (Doc. 48) is before the undersigned Magistrate Judge for a Report and Recommendation having been referred by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiffs have served their complaint on Carey Brown in order to effect service of process on defendant Mycashnow.com, Inc. (Mycashnow). Carey Brown asserts he cannot effectively receive service of process for Mycashnow and that the service of process must be quashed. For the reasons stated herein, it is RECOMMENDED that Carey Brown's motion to quash be DENIED.

II. Relevant Facts

The claims raised by the plaintiffs' complaint and the procedural history of this case is set out in detail in the undersigned's earlier report and recommendation of September 8, 2006 and is incorporated herein. I will discuss only those facts immediately relevant to the motion presently before me.

A hearing was held on this motion on Friday, February 9, 2007. Counsel for Carey Brown, Attorney John Rice; counsel for plaintiffs, Attorney Chris Clem; and then-counsel for Mycashnow, Attorney John Barry[1], participated in the hearing. At this time, the Court gave the parties and Mr. Brown the opportunity to request an evidentiary hearing and/or to further brief the issues raised by Mr. Brown's motion if desired. None of the parties nor Mr. Brown has requested an evidentiary hearing nor have they filed supplemental briefs. Consequently, the undersigned's recommendation in this case is based partly on factual conclusions derived from Carey Brown's deposition taken by the plaintiffs on February 15, 2005. This deposition was the subject of considerable discussion at the February 9, 2007 hearing, and the undersigned specifically offered to give Mr. Brown an opportunity to present additional evidence bearing on the issues raised by his deposition and by his motion to set aside or quash service of process. As just mentioned, Mr. Brown has declined to do so.

Plaintiffs have attempted to serve process on the defendant, Mycashnow, a foreign corporation, by serving a copy of the summons and complaint on Carey Brown personally at his home on Mission Ridge Drive, Rossville, Georgia on January 13, 2007 (*See* Return of Service, Doc. 47). Mr. Brown argues that service upon him is ineffective service on Mycashnow because he is neither an officer of the corporation nor a registered agent of the corporation authorized to receive service of process on its behalf. Plaintiffs assert service on Mr. Brown is effective service on Mycashnow because Mr. Brown is a managing agent of Mycashnow.

---

[1]On or about January 30, 2006, John Barry entered a limited appearance on behalf of Mycashnow for the sole purpose of representing Mycashnow in a motion to set aside a default judgment. Once the default judgment was set aside, Mr. Barry was allowed to withdraw. Attorneys Cynthia D. Hall and David L. Franklin entered their appearances for Mycashnow on March 15, 2007.

In his deposition given under oath on February 15, 2005, Mr. Brown testified to the following: Prior to the formation of Mycashnow, Mr. Brown had faced litigation in connection with his "brick and mortar" cash advance or payday loan business (Brown Dep. at 13-14). Because he anticipated expanding into an internet based payday loan business, he searched the internet for an attorney to provide lawsuit protection and tax reduction for his new business (*Id*. at 13). He found a Canadian attorney and followed that attorney's advice in setting up Mycashnow as a Grenada corporation (*Id*. at 7, 9, 11, 25, 26, 63-65). Mycashnow did not have any employees or assets (*Id*. at 10-11). It never had a bank account (*Id*. at 11). It had nothing in Grenada other than a registered agent (*Id*. at 11-13). When asked how someone could communicate with Mycashnow if they wanted to talk to a live person, Mr. Brown testified that there "isn't anybody to talk to." (*Id*. at 80). Similarly, if the person wanted to send a letter to the company in Grenada, there is "no specific person" to whom the letter could be addressed (*Id*. at 20). One would simply send the letter to Mycashnow. Mr. Brown admitted that Mycashnow was established for his personal benefit (*Id*. at 9). He stated he had previously signed documentation as president of the company but that was a mistake and that he should not have done that because he is not an officer of Mycashnow (*Id*. at 14-15). Mycashnow has no representatives, aside from the registered agent, or business activities in Grenada (*Id*. at 12-13). In response to a question about what Mycashnow is set up to do, Mr. Brown testified that "I think it's basically just a shell corporation." (*Id*. at 9). When asked "a shell corporation for what?" Mr. Brown stated, "I don't know." (*Id*. at 8). He later admitted that his objective was "lawsuit protection and tax reduction." (*Id*. at 13-14). He also stated he is the one who makes business decisions for Mycashnow if

there are decisions to be made (*Id*. at 43). He identified himself as "the person who most controls the shots or the decisions for Mycashnow." (*Id*. at 58-59).

### III. Discussion

#### A. Mr. Brown Has No Standing To Move To Quash Service of Process

In his motion to quash service of process, Mr. Brown has not identified the rule of civil procedure under which he brings his motion. It appears that he is moving under Fed. R. Civ. P. 12(b)(5) to dismiss the action against Mycashnow for insufficiency of service of process. However, Mr. Brown is not a defendant in this case. Fed. R. Civ. P. 24 allows non-parties to intervene in a case under certain circumstances, but Mr. Brown has not moved to intervene in this case. Even if he did, he would not meet the requirements to intervene. Rule 24 provides:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
>
> **(c) Procedure.** A person desiring to intervene shall serve a motion to intervene

> upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene.

*See also United States v. Detroit Int'l Bridge Co.,* 7 F.3d 497. 499 (6th Cir. 1993) (discussing standards for intervention as of right); *Purnell v. City of Akron*, 925 F.2d 941, 945 (6th Cir. 1991) (same).

Mr. Brown has cited no statute, executive order, or governmental regulation or order permitting him to intervene. He does not claim 1) an interest relating to the property or transaction which is the subject of this action and 2) that he is so situated that the disposition of this action may as a practical matter impair or impede his ability to protect that interest, an interest which cannot be adequately protected by the defendant already named in the suit. To the extent Mr. Brown has some interest in the disposition of this action because of his status as managing agent, that interest can be adequately protected by Mycashnow. A finding that Mr. Brown is the managing agent of Mycashnow, a corporation, does not put Mr. Brown at risk of personal liability in this case. The entity at risk of liability, should the Court find service of process on Mr. Brown to be sufficient service of process on Mycashnow, is Mycashnow. Further, as to a permissive intervention under Rule 24(b), Mr. Brown makes no assertion that his motion raises a question of law or fact in common with the main action. I conclude Mr. Brown has no standing to assert for Mycashnow that service on him as managing agent is improper service on Mycashnow. If Mycashnow wishes to contest service of process, it must do so on its own behalf.

B. *Carey Brown as Managing Agent of Mycashnow Received Proper Service of Process for Mycashnow.*

In the alternative, should Carey Brown have standing to move to quash service of process, I conclude such service of process on Carey Brown constituted proper service of process on Mycashnow.

Under Fed. R. Civ. P. 4(h)(1), service upon a corporation can be effected by delivery of a copy of the summons and complaint to a managing agent of the corporation. *See* Fed. R. Civ. P. 4(h)(1) ("...service upon a domestic or foreign corporation ...shall be effected: (1) in a judicial district of the United States ...by delivering a copy of the summons and of the complaint to an officer,[or] a managing or general agent...").

For purposes of Rule 4(h)(1), "[a] managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music,* 376 F.3d 615, 624 (6th Cir. 2004) (citing *Grammenos v. Lemos*, 475 F.2d 1067, 1073 (2d Cir. 1972) ( a managing agent "is a person or entity authorized to transact all business of the principal at a particular place or of a particular kind, generally. A general or managing agent must be invested with powers of discretion and must exercise judgment in his duties, rather than being under direct superior control as to the extent of his duty and the manner in which he executes it.))

While Mr. Brown's deposition provides some conflicting evidence as to whether he is or was officially an officer of Mycashnow, the deposition establishes unequivocally that Mr. Brown is the managing agent for Mycashnow. Mr. Brown hired an attorney to set up Mycashnow in Grenada as a shell corporation to provide a tax shelter and lawsuit protection for his benefit. It

has no employees. He "controls the shots" and makes all the business decisions for Mycashnow. Though given the opportunity, neither Mr. Brown nor Mycashnow has offered any evidence to the contrary. Accordingly, based on the uncontroverted testimony found in Mr. Brown's deposition, I conclude Mr. Brown is the managing agent for Mycashnow and that Mycashnow can be properly served under Rule 4(h)(1) with process in this case by personally serving process upon Mr. Brown.

## IV. Conclusion

For the reasons stated herein, it is RECOMMENDED that Carey Brown's motion to set aside service of the summons and complaint served upon him as a managing agent of Mycashnow on January 13, 2007 be DENIED.[2]

s/William B. Mitchell Carter<br>
UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).